IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SUSIE G. TALEVSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:05-CV-184 |
| | ) |
| BERNARD CARTER, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on: (1) the State Defendants' Motion to Dismiss (DE# 27), filed by Defendants, Bernard Carter, Barbara McConnell, Gina Green, and Marilyn Kortenhoven, on June 22, 2005; and (2) Defendant Lake County's Motion to Dismiss (DE# 32), filed on July 22, 2005.  For the reasons set forth below, State Defendants' Motion to Dismiss (DE# 27) is **GRANTED IN PART and DENIED IN PART**.  To the extent State Defendants sought dismissal of the state law claims of retaliatory discharge and intentional utilization of an environmentally unsafe office building, this motion is **GRANTED**.  In all other respects, however, the motion is **DENIED**.[1]  Lake County's Motion to Dismiss (DE#32) is **DENIED**.  The Clerk is **ORDERED** to **DISMISS**

---

[1] Of course, this Court assumes familiarity with the fact that Plaintiff concedes she is not bringing a cause of action pursuant to Article I, section 9 of the Indiana Constitution, Indiana Code section 36-1-8-8 or Indiana Code section 22-8-1.1-38.1.  (Pl.'s Response, p. 9)

**WITHOUT PREJUDICE** Plaintiff's state law tort claim of retaliatory discharge against Defendants, Bernard Carter, Barb McConnell, Gina Green, and Marilyn Kortenhoven, and Plaintiff's state law tort claim of intentional utilization of an environmentally unsafe office building against Defendant, Bernard Carter.

BACKGROUND

On June 20, 2005, Plaintiff, Susie G. Talevski ("Talevski"), filed an amended complaint seeking reinstatement as a Lake County Deputy Prosecutor, damages, and costs against Bernard Carter, Barb McConnell, Gina Green  and Marilyn Kortenhoven, each in their individual capacities (collectively "State Defendants"), and the County of Lake ("Lake County").  According to the allegations of the amended complaint, Plaintiff was employed as a Deputy Prosecutor in the Lake County Prosecutor's Office from December 5, 2002 until her termination on May 12, 2003.  (Am. Compl. ¶ 1.) During her employment she reported, what she believed to be, Lake County Prosecutor Bernard Carter engaging in false employment to the authorities.  (Am. Compl. ¶ 2.) Plaintiff also publicly expressed concern regarding environmental problems in the Child Support Division at 232 Russell Street, in Hammond, Indiana.  (Am. Compl. ¶ 2.)  Plaintiff claims Defendant Carter and supervisors in the Lake County Prosecutor's Office retaliated and eventually terminated her due to her making inquiries regarding the alleged false employment and speaking out

about possible environmental toxins at 232 Russell Street. (Am. Compl. ¶ 3.) Further, during the meeting at which Plaintiff was terminated, Defendant Kortenhoven battered her. (Am. Compl. ¶ 5.)

Plaintiff brought a claim against State Defendants pursuant to 42 U.S.C. section 1983 alleging they violated her First Amendment right to freedom of speech and also brought state tort law claims alleging they retaliated against her for exercising Indiana statutory and constitutional rights, claims that Kortenhoven battered her, and claims Carter negligently or intentionally endangered the health of Plaintiff by allowing her to work in an office building which he knew or should have known was environmentally unsafe.

On June 22, 2005, State Defendants filed the instant motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). State Defendants argue that Plaintiff failed to state a First Amendment retaliation claim under section 1983 claim because the Plaintiff's speech interests are outweighed by the interests of the prosecutor's office in maintaining effective and efficient operations. Additionally, State Defendants argued that Plaintiff's state law tort claims fail as well.

Plaintiff brought suit against Lake County alleging that Lake County would be responsible for paying any judgment awarding her back or front pay as a result of State Defendants' actions. Plaintiff also brought suit against Lake County based upon a theory of premises liability, as Lake County provided the office space to the Lake County

Prosecutor's Office, which allegedly contained toxic mold.  Lake County filed the instant motion seeking dismissal pursuant to Rules 12(b)(6) and (7) of the Federal Rules of Civil Procedure.

The motions to dismiss will be addressed in turn.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction.  Jurisdiction is the "power to decide" and must be conferred upon a federal court.  *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).  When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met.  *Kontos v. Unites States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).  In reviewing a 12(b)(1) motion to dismiss, the Court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists.  *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Cromley v. Bd. of Educ. of Lockport*, 699 F. Supp. 1283, 1285 (N.D. Ill. 1988).  If, when viewed in light most favorable

to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the Court must dismiss the case. Fed. R. Civ. P. 12(b)(6); *Gomez v. Ill. St. Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). However, the court may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). With these legal principles in mind, the Court turns to the instant motions.

State Defendants' Motion to Dismiss

Section 1983

State Defendants argue this claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. In order to establish a First Amendment retaliation claim under section 1983, the complaint must allege facts which show that: (1) the plaintiff's speech was constitutionally protected under the circumstances; and (2) the defendants retaliated against the plaintiff because of it. *Gustafson v. Jones*, 117 F.3d 1015, 1018 (7th Cir. 1997). To determine whether a public employee's speech is constitutionally protected, courts use the familiar *Connick-Pickering* test, which dictates that when a public employee's speech involves a matter of public concern, that speech is protected unless the state can prove that the interests of the government outweigh the speech rights of the employee. *Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004).

-5-

Under the *Connick* prong of the test, it must be determined whether the employee's speech involved a matter of public concern. *Id*. "Where the employer brings a motion to dismiss the employee's free speech claim on the basis of the pleadings rather than on the facts in the record, the speech may be presumed to involve a matter of 'public concern' if it touches upon 'any matter for which there is potentially a public' interest." *Trejo v. Shoben*, 319 F.3d 878, 885 (7th Cir. 2003) (quoting *Eberhardt v. O'Malley*, 17 F.3d 1023, 1026 (7th Cir. 1994). *See also Breuer v. Hart*, 909 F.2d 1035 (7th Cir. 1990) (finding that speech by a deputy involved a matter of public concern when the subject of the speech was alleged misconduct by a sheriff who paid an employee for work not performed).

In the case at bar, the speech for which Plaintiff claims she was retaliated involved alleged misconduct by the Lake County Prosecutor and unhealthy environmental conditions at the Lake County Prosecutor's Office. Both of these subjects touch upon matters for which there is potentially a public interest. Therefore, for purposes of State Defendants' motion to dismiss, the Court will presume that Plaintiff's speech involved a matter of public concern.

After it is determined that speech involved a matter of public concern, the *Pickering* prong requires the Court to balance the plaintiff's interest as a citizen in commenting on the matter against the government's interest, as employer, in controlling the speech. *Spiegla*, 371 F.3d at 940. In certain instances, the government's

-6-

interest in providing efficient and effective services will outweigh a plaintiff's First Amendment interests. *See Kokkinis v. Ivkovich*, 185 F.3d 840 (7th Cir. 1999) (affirming grant of summary judgment in favor of defendants after finding that the police chief's interest in running the department efficiently and in maintaining order and discipline among his staff outweighed the plaintiff's interest in criticizing the police chief on a public television broadcast). However, the Seventh Circuit has cautioned that "'it would be a rare case indeed where the pleadings as a whole would permit judgment as a matter of law' in favor of the employer." *Trejo*, 319 F.3d at 885 (quoting *Gustafson*, 117 F.3d at 1019).

Normally, application of the *Pickering* balancing test is possible only after the parties have conducted some discovery. *Gustafson*, 117 F.3d at 1019. In *Gustafson*, two police officers brought suit under section 1983, alleging that they were retaliated against for exercising their right to freedom of speech. *Id.* at 1018. The plaintiffs appealed the district court's grant of judgment on the pleadings as to their First Amendment retaliation claim. The determinative issue on appeal was whether the pleadings had stated a claim under the First Amendment. The court stated that it was impossible to determine the outcome of the *Pickering* balancing test from the pleadings. *Id.* Although the police department may have had convincing reasons to suppress the plaintiffs' speech, the mere possibility of such reasons was not enough to justify judgment on the

-7-

pleadings. *Id*. The court held that the plaintiffs' First Amendment retaliation claim was improperly dismissed and, therefore, reversed the grant of judgment on the pleadings in favor of the defendants. *Id*. at 1022.

Similarly, the Seventh Circuit in *Eberhardt v. O'Malley* reversed the trial court's grant of the defendant's motion to dismiss the plaintiff's First Amendment retaliation claim. 17 F.3d 1023 (7th Cir. 1994). The court recognized that the government may have legitimate reasons for wanting to regulate an employee's speech, such as maintaining an atmosphere of mutual trust. *Id*. at 1027. However, because the defendants had not yet filed an answer to the complaint, the court did not know the actual reasons for the plaintiff's dismissal. *Id*. As in *Gustafson*, the *Eberhardt* court refused to allow the mere possibility that the defendants had legitimate reasons for regulating the plaintiff's speech to justify dismissal of the plaintiff's claim. *Id*. at 1027-1028.

The reasoning in *Gustafson* and *Eberhardt* applies to State Defendants' motion to dismiss the section 1983 claim in this case. State Defendants argue that Plaintiff's claim must be dismissed because the *Pickering* balance is in their favor. However, until the parties have conducted some discovery there is no evidence for the Court to balance. Moreover, because State Defendants have not yet filed an answer to the complaint, the Court does not know the proffered reason for Plaintiff's dismissal. As the Seventh Circuit

reasoned in *Gustafson* and *Eberhardt*, courts should not dismiss a First Amendment claim based solely on the possibility that the defendant had a legitimate reason for regulating the plaintiff's speech.

State Defendants rely on *Bibbs v. Newman*, 997 F. Supp. 1174 (S.D. Ind. 1998), to support their argument that their interests outweighed Plaintiff's speech interests.  Notably, however, *Bibbs* was resolved on a motion for summary judgment, rather than on a motion to dismiss under 12(b)(6).  In contrast to the case at bar, the parties in *Bibbs* were given an opportunity to conduct discovery before the plaintiff's claim was dismissed.  Consequently, State Defendant's motion to dismiss Plaintiff's section 1983 claim is **DENIED**.

State Law Claims[2]

Indiana Tort Claims Act

Under the Indiana Tort Claims Act ("ITCA"), in order to file a lawsuit against a government employee in his individual capacity a plaintiff "must allege that an act or omission of the employee that causes a loss is:"

---

[2]State Defendants also claim Plaintiff's state law claims are barred due to Plaintiff's failure to file a timely tort claim notice. A similar argument was raised in Lake County's motion to dismiss, which this Court discusses, infra.  Notably, Plaintiff had 180 days to file a tort claim notice with Lake County and 270 days to file a tort claim notice with the State of Indiana.  Thus, the Court's discussion of Plaintiff's compliance with the Indiana Tort Claims Act, as it relates to Lake County, is equally applicable to State Defendants.

```
(1)   criminal;
(2)   clearly outside the scope of the employee's
      employment;
(3)   malicious;
(4)   willful and wanton; or
(5)   calculated to benefit the employee personally.
```

Ind. Code § 34-13-3-5(b).  In addition, "[t]he complaint must contain a reasonable factual basis supporting the allegations."  *Id*.  Indiana courts have interpreted this to require that the plaintiff make one of the statutorily prescribed allegations in her complaint and then supply facts supporting that allegation in her complaint.  *Bushong v. Williamson*, 790 N.E.2d 467, 472-473 (Ind. 2003); *Miner v. Southwest School Corp.*, 755 N.E.2d 1110, 1115 (Ind. Ct. App. 2001) (interpreting previous version of the statute).

In *Miner*, the plaintiff was involved in a car accident with the superintendent of schools, who was driving a school corporation car.  755 N.E.2d at 1112.  On appeal, one of the issues was whether the trial court properly decided the scope of employment issue.  *Id*. at 1114.  The court stated that the plaintiff was required to specifically allege in the complaint that the superintendent was acting outside the scope of his employment and supply facts supporting that allegation.  *Id*. at 1115.  Although the plaintiff, in her memorandum in opposition to the defendant's motion for summary judgment, argued that the defendant was acting outside the scope of his employment when the accident occurred, the plaintiff's complaint did not contain this allegation.  *Id*.  The court ultimately held that

-10-

her tort claim against the superintendent as an individual was barred. *Id*. at 1116.

Plaintiff has brought suit against State Defendants in their individual capacities. As such, Plaintiff is required to comply with Indiana Code section 34-13-3-5(b). With respect to the battery claim, Plaintiff has complied with the ITCA. By stating that Defendant Kortenhoven battered her in violation of Indiana's criminal battery statute, Plaintiff has met her statutory burden by alleging that the act which caused her injury was criminal and by supporting such allegation with sufficient facts. Therefore, State Defendants' motion to dismiss is **DENIED** as to Plaintiff's battery claim.

However, Plaintiff did not make any of the statutorily prescribed allegations or supporting facts with respect to the other tort claims in her complaint. Accordingly, those claims are hereby **DISMISSED**.

Battery Claim

As a result of Plaintiff's failure to follow the dictates of the ITCA, the only remaining state law claim is Plaintiff's battery claim. State Defendants argue that the Court lacks subject matter jurisdiction over this claim because it is barred by the exclusivity provision of the Indiana Workers' Compensation Act, which states that employees shall accept compensation under the terms of the Workers' Compensation Act "for personal injury or death by accident arising out of and in the course of the employment . . . ." Ind. Code § 22-3-2-

2(a).  The exclusivity provision is expressly limited to personal injury or death arising out of and in the course of employment which occurs "by accident."  *Baker v. Westinghouse Electric Corp*, 637 N.E.2d 1271, 1273 (Ind. 1994).  An injury occurs by accident only "when it is intended by neither the employee nor the employer."  *Id*.  Accordingly, the Workers' Compensation Act does not cover an employer's intentional torts.  *Id*.

For purposes of the Workers' Compensation Act, "nothing short of deliberate intent to inflict an injury, or actual knowledge that an injury is certain to occur, will suffice" to establish an intentional tort.  *Id*. at 1275.  Mere negligence or recklessness is not sufficient.  *Id*.

Plaintiff alleges that Defendant Kortenhoven battered her.  Battery is an intentional tort.  As such, it is not covered by the Workers' Compensation Act.  Therefore, State Defendants' motion to dismiss Plaintiff's personal injury claim of battery based upon the Indiana Workers' Compensation Act is unavailing.

Lake County's Motion to Dismiss

Tort Claim Notice

Lake County argues that Plaintiff's claim should be dismissed pursuant to Rule 12(b)(6) because Plaintiff failed to file a timely Notice of Tort Claim.  The Indiana legislature has set forth that "a claim against a political subdivision is barred unless notice is filed

with" the governing body of that subdivision within 180 days after the loss occurs. Ind. Code § 34-13-3-8.

The time limitation is triggered when the cause of action accrues. *Garnelis v. Ind. State Dept. of Health*, 806 N.E.2d 365, 371 (Ind. Ct. App. 2004). Indiana has adopted a discovery rule for determining the accrual of claims arising out of injuries allegedly caused by exposure to a foreign substance. *Barnes v. A.H. Robins Co.*, 476 N.E.2d 84, 87 (Ind. 1985). The discovery rule states that the cause of action accrues on the date the plaintiff "knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." *Id*. at 87-88; *see also Wehling v. Citizens Natl. Bank*, 586 N.E.2d 840, 843 (Ind. 1992) (extending the discovery rule rationale of *Barnes* to all tort claims). Under the discovery rule, a claim does not accrue upon a plaintiff's mere suspicion or speculation that exposure to a foreign substance caused the injuries. *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 411 (Ind. 2001). Rather, a claim accrues once a plaintiff's physician expressly informs the plaintiff that there is a reasonable possibility, if not a probability, that an injury was caused by exposure to a foreign substance. *Id*. In *Degussa*, the plaintiff suspected that her respiratory problems were caused by inhalation of defendant's product. *Id*. at 409. For a period of two years, plaintiff was examined and treated by a number of doctors. During this treatment period, plaintiff's doctors advised her that her

illness may have been caused by a work-related chemical exposure but that other causes were also possible.  Finally, after more than two years of treatment, plaintiff received the first unequivocal statement from a doctor that her illness was caused by exposure to chemicals at work.  *Id*. at 410.  The court held that the plaintiff's complaint was timely filed where her "physicians had [not] yet informed her that there was a *reasonable* possibility, if not probability, that her ailments were caused by work chemicals" within two years prior to her complaint being filed.  *Id*. at 411-412.

In the case at bar, Lake County argues that Plaintiff did not file a timely tort claim notice regarding mold in the workplace when such notice was filed on March 10, 2004.  Lake County claims that Plaintiff's cause of action accrued on May 12, 2003, which was the last of her employment with the Prosecutor's Office.  Plaintiff claims that her cause of action accrued when she received a September 10, 2003, letter that contained the results of the environmental testing that was conducted in the office building.

Under the discovery rule, Plaintiff's claim accrued when she knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another. Plaintiff's Amended Complaint alleges that "[m]uch of the employees' speculation [with respect to their health problems] concerned the possibility of mold in the offices due to the damp conditions, previous water damage to the building that was known by the defendants, and a mildew odor

in the building." Taking the factual allegations in Plaintiff's complaint as true and drawing all reasonable inferences in favor of Plaintiff, as the Court must when ruling on a 12(b)(6) motion to dismiss, Plaintiff merely speculated that there was mold in the office building during her employment with the Prosecutor's Office. However, as the court stated in *Degussa*, mere speculation is insufficient to cause the accrual of a tort claim.

There are no facts which show that Plaintiff was made aware by her doctor that there was a reasonable possibility that her health problems were being caused by exposure to mold in the workplace. As such, the Court must infer that Plaintiff became aware that there was a reasonable possibility that her health problems were caused by mold when she received the results of the environmental testing from IOSHA. At this stage, it is impossible to determine exactly when Plaintiff received the letter dated September 10, 2003, which put her on notice. Therefore, for purposes of Lake County's motion to dismiss, the Court finds that Plaintiff's tort claim notice was timely filed.[3]

### Lake County Not Proper Defendant

Next, Lake County claims that it should be dismissed from this case pursuant to Rule 12(b)(6) because it is not a proper defendant

---

[3] In response to Lake County's motion to dismiss, Plaintiff filed an affidavit, which is obviously material outside of the pleadings. If the Court considered such material, then the motion to dismiss would necessarily be converted into one for summary judgment. See Fed. R. Civ. P. 12(b). The affidavit was not considered and, therefore, the motion was ruled upon as a motion to dismiss.

in this case. Specifically, Lake County argues that it is not responsible for any judgment Plaintiff may obtain against any of the State Defendants. Rather, Lake County asserts, the proper Defendant is the State of Indiana because the Lake County Prosecutor's Office is an arm of the State, not Lake County. Plaintiff concedes, and rightly so, that the Lake County Prosecutor's Office is an arm of the State of Indiana. Nevertheless, Plaintiff's claim is predicated on the fact that Lake County may be obligated to pay any judgment relating to her salary and, in this case, Plaintiff is seeking both back and front pay. *See* Ind. Code § 33-39-6-2(g).

Lake County concedes that "this very issue is the essence of its cross-claim against the named State Defendants as well as the State of Indiana, the Attorney General of the State of Indiana, and the Governor of the State of Indiana– the parties Defendant Lake County has joined to this cause of action." (Lake County Reply, p. 8) Obviously, this issue is more appropriate addressed in the context of Lake County's cross-claim against the State of Indiana rather than in the instant motion to dismiss. Indeed, Plaintiff "expresses no preference whether the State or County pays any damages related to Plaintiff's salary . . . ." (Pl's Response, p.6) As such, it can not be reasonable to expect Plaintiff to adequately defend the State of Indiana's interests on this issue. As such, the Court will not dismiss Lake County based on this argument in this context.

<u>Failure to Join Lake County Council and Lake County Auditor</u>

Next, Lake County seeks dismissal pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, arguing that Plaintiff failed to join the Lake County Council and the Lake County Auditor. Lake County asserts that these two entities, while not joined in the instant litigation, are indispensable parties under Rule 19 of the Federal Rules of Civil Procedure. Surely, the county council and auditor do, indeed, have statutorily prescribed fiscal duties under the Indiana Code; however, Lake County has failed to cite any legal authority that would indicate that the Lake County Council or the Lake County Auditor would not be required to comply with a judgment rendered against Lake County. Moreover, Plaintiff failed to cite any of its own legal authority on this point. Simply, neither side has carried its burden of persuasion on this issue. This Court will not do a party's legal research nor make its arguments, *see, e.g., Tyler v. Runyon*, 70 F.3d 458, 465 (7th Cir. 1995)(recognizing that courts need not and indeed should not expend limited judicial resources in researching, refining, and otherwise flushing out arguments that parties themselves do not adequately support), and, as such, the Court finds dismissal inappropriate at this time.

<u>Section 1983</u>

Lake County also seeks dismissal of Plaintiff's section 1983 action; however, this argument is for naught as Plaintiff is not

-17-

pursuing such a claim directly against Lake County.  Rather, Plaintiff seeks to recover any judgement related to compensating her for lost salary due to the other Defendants' alleged section 1983 violations.

CONCLUSION

For the reasons set forth above, State Defendants' Motion to Dismiss (DE# 27) is **DENIED IN PART** and **GRANTED IN PART**.  The Clerk is **ORDERED** to **DISMISS WITHOUT PREJUDICE** Plaintiff's state law tort claim of retaliatory discharge against Defendants Bernard Carter, Barb McConnell, Gina Green, and Marilyn Kortenhoven, and Plaintiff's state law tort claim of intentional utilization of an environmentally unsafe office building against Defendant Bernard Carter.

Lake County's Motion to Dismiss (DE#32) is **DENIED.**


**DATED:  February 1, 2006**             **/s/RUDY LOZANO, Judge**
                                         **United States District Court**