```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


SUSIE G. TALEVSKI,              )
                                )
Plaintiff,                      )
                                )
vs.                             )   NO. 2:05-CV-184
                                )
BERNARD CARTER, et al.,         )
                                )
Defendants.                     )
****************************
LAKE COUNTY, INDIANA,           )
                                )
Cross-Plaintiff,                )
                                )
vs.                             )
                                )
STEVE CARTER, et al.,           )
                                )
Cross-Defendants.               )
```

## OPINION AND ORDER

This matter is before the Court on: (1) Cross-Defendants' Motion to Dismiss the Cross-Claim, filed on October 17, 2005; and (2) Cross-Defendants' Motion to Dismiss the Amended Cross-Claim, filed on December 29, 2005.  For the reasons set forth below, Cross-Defendants' Motion to Dismiss the Cross-Claim (DE # 61) is **DENIED AS MOOT** and Cross-Defendants' Motion to Dismiss the Amended Cross-Claim (DE # 73) is **GRANTED**.  The Clerk is **ORDERED TO DISMISS** the Amended Cross-Claim (DE # 71) without prejudice.

BACKGROUND

On June 20, 2005, Plaintiff, Susie G. Talevski ("Talevski"), filed an Amended Complaint seeking reinstatement as a Lake County Deputy Prosecutor, damages, and costs against Bernard Carter, Barb McConnell, Gina Green and Marilyn Kortenhoven, each in their individual capacities (collectively "State Defendants"), and the County of Lake ("Lake County"). Plaintiff alleges the State Defendants violated her federal rights by retaliating against her for engaging in protected speech. Plaintiff also alleges Defendant Carter was negligent in allowing his employees to work in an unsafe environment. Plaintiff alleges Lake County is a premises liability defendant and also potentially responsible for paying any judgment awarding Plaintiff back or front pay.

On July 25, 2005, Lake County filed a cross-claim against the State Defendants and the Indiana Attorney General and the Governor of Indiana in their official capacities ("Cross-Defendants"). On December 20, 2005, Lake County filed an amended cross-claim against the Cross-Defendants, which superseded the original cross-claim. Accordingly, the Cross-Defendants' motion to dismiss the original cross-claim is moot.

Lake County's amended cross-claim is predicated on Plaintiff's allegation that Lake County would be required to pay any judgment awarding back or front pay on claims against the State Defendants. The amended cross-claim requests this Court to find that the Cross-

Defendants are solely liable for any judgment obtained that premised on the actions or inactions of the State Defendants.

The Cross-Defendants have filed the instant motion requesting the amended cross-claim be dismissed.  Specifically, the Cross-Defendants argue the Court does not have jurisdiction as Lake County's request for declaratory judgment regarding liability and indemnification are not ripe.  Further, Cross-Defendants claim that even if this Court has jurisdiction, the amended cross-claim still fails to state a claim upon which relief can be granted.

DISCUSSION

For the purpose of analyzing Defendants' Rule 12(b)(1) claims, the following standards apply.  Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction.  Jurisdiction is the "power to decide" and must be conferred upon a federal court.  *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).  When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdiction requirements have been met.  *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).  In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists.  *United Transp. Union v. Gateway Western R.R.*

*Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). With these legal principles in mind, the Court turns to the instant motion.

Cross-Defendants move pursuant to Rule 12(b)(1), contending that the Court lacks subject matter jurisdiction over the amended counter-claim because no "actual controversy" is presented pursuant to the Declaratory Judgment Act. Courts may not exercise their discretionary power to issue declarations under the Declaratory Judgment Act in the absence of an "actual controversy" between the parties. *Devereaux v. City of Chicago*, 14 F.3d 328, 330 (7th Cir. 1994). "The appropriate test to determine if there is an actual controversy, one ripe for decision, under the Declaratory Judgment Act is the one stated in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941)." *Oneida Tribe of Indians v. State of Wisconsin*, 951 F.2d 757, 760 (7th Cir. 1991). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Maryland Casualty*, 312 U.S. at 273.

The amended cross-claim consists of two requests for declaratory judgment. The first, entitled "Liability," requests this Court to declare that all actions or inactions of the State Defendants should be imputed wholly upon the State Defendants, not Lake County. The second, entitled "Indemnification," requests the Court to declare that the State Defendants are required "to solely defend, to completely

indemnify and completely reimburse Lake County for the full amount of any resolution, judgment, damages, attorney fees agreed to or assessed against Lake County for all of the Plaintiff's claims."[1]  Thus, the Court must determine whether or not there is a ripe controversy regarding Cross-Defendants' duty to indemnify Lake County for any eventual losses it may suffer in the underlying action.

As a general rule, "decisions about indemnity should be postponed until the underlying liability has been established."  *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003); *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995); *Grinnel Mut. Reins. Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995).  This rule is in place because a declaration regarding the duty to indemnify may have no real-world impact if no liability arises in the underlying litigation.  *Lear*, 353 F.3d at 583.  In such a situation, the declaration would, in all likelihood, amount to an impermissible advisory opinion.  *Id*.

In an attempt to keep the amended cross-claim alive, Lake County points to Chief Judge Miller's unpublished opinion in *Brugos v. Nannenga*, 2:03-CV-547, 2005 U.S. Dist. LEXIS 12624 (N.D. Ind. June 24, 2005).  In *Brugos*, the underlying action was for breach of fiduciary duty.  Before the underlying case was decided, cross-claims for indemnification were filed.  The cross-defendants filed a motion to

---

[1] Notwithstanding Plaintiff's premises liability claim.

dismiss the cross-claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  After internally weighing the facts of the case and the parties' respective arguments, Judge Miller summarily denied cross-defendants' motion to dismiss and allowed the cross-claim to remain pending.  Based on the outcome of *Brugos*, Lake County requests the Court to allow its amended cross-claim to survive.  However, Lake County has failed to adequately assimilate the facts and circumstances of *Brugos* with this case.  The only similarity Lake County puts forth is that, both in *Brugos* and here, cross-claims for indemnification were filed before the underlying action was resolved.

While both *Brugos* and this case do share this similar circumstance, the Court does not find *Brugos* to rebut the general rule of finding the issue of indemnity not ripe for adjudication until the underlying liability has been established.  Indeed, whether or not a claim is ripe depends on the specific circumstances of the case.  Upon review of the facts and circumstances of this case, employing the general rule – against issuing a declaratory judgment regarding Cross-Defendants' duty to indemnify – is appropriate.  The amended cross-claim does not present an "actual controversy" between Lake County and the Cross-Defendants, thereby depriving the Court of subject matter jurisdiction.  Accordingly, the amended cross-claim is **DISMISSED WITHOUT PREJUDICE.**

<u>CONCLUSION</u>

For the reasons set forth above, Cross-Defendants' Motion to Dismiss the Cross-Claim (DE # 61) is **DENIED AS MOOT** and Cross-Defendants' Motion to Dismiss the Amended Cross-Claim (DE # 73) is **GRANTED**.  The Clerk is **ORDERED TO DISMISS** the Amended Cross-Claim (DE # 71) without prejudice.


**DATED:  May 16, 2006**                      /s/RUDY LOZANO, Judge
                                              **United States District Court**